UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
DAVID LOYD,

                        Plaintiff,

      v.                                              14-CV-829
                                                        (GLS/CFH)
ANDREW M. CUOMO, Governor, et al.,

                        Defendants.
----------------------------------------------------------------

**APPEARANCES:**                            **OF COUNSEL:**

DAVID LOYD
Plaintiff Pro Se
04-A-5028
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff David Loyd ("Loyd") pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Loyd has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 5.

## I. DISCUSSION

### A. Application to Proceed IFP

Loyd has submitted an IFP Application. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the

$350.00 filing fee. Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1). Plaintiff has filed the appropriate authorization form. Dkt. No. 3. Plaintiff's request to proceed IFP in this action is therefore granted.

**B. Allegations Contained in the Complaint**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Loyd brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Loyd outlines a complex criminal history in his complaint. On September 16, 2004, pursuant to a plea, Loyd was sentenced in Sullivan County to a three to life and a seven to

2

life sentence to run concurrently. Compl. at 6; Dkt. No. 1-1 at 32-33. In 2005 the drug reform laws took affect. Compl. at 6. In 2006, Loyd's conviction, which he had previously appealed, was affirmed by the New York State Appellate Division, Third Department. Id. On September 4, 2008, Loyd was resentenced to two, seven year determinate terms to run concurrently and a term of five years post release supervision ("PRS"). Id.; Dkt. No. 1-1 at 32-33.

On October 4, 2008, the New York State Department of Corrections and Community Supervision ("DOCCS") (formerly the New York State Department of Corrections) calculated a new maximum expiration date of Loyd's sentence to be May 31, 2011. Compl. at 6. DOCCS also indicated that Loyd was to serve a five year period of PRS. Id. On March 23, 2010, Loyd's parole hearing was conducted in his absence. Id. at 7. Loyd was to be subjected to five years of PRS, including special conditions; however, the Release Decision Notice did not indicate anything about PRS. Id. Instead it only outlined that Loyd's conditional release date was May 31, 2010 and his maximum expiration date was May 31, 2011. Id. On May 18, 2010, Loyd was transferred to Mohawk Correctional Facility whereupon he was released a few days later. Compl. at 7; Dkt. No. 1-1 at 35. The Certificate of Release indicated five years of PRS. Compl. at 7; Dkt. No. 1-1 at 35.

On August 11, 2011, the first of three parole warrants were issued against Loyd. Compl. at 10; Dkt. No. 1-1 at 36-37. The warrant was executed, Loyd pled guilty to the supervised release violations, and was sent to a drug treatment program. Compl. at 10-11. Loyd was released on March 13, 2012 to serve out the remainder of his PRS. Compl. at 11. The second parole warrant was issued on November 19, 2012, Loyd was taken into custody and released on March 8, 2013. Id. The third parole warrant was issued November 6,

3

2013, Loyd was taken into custody at Sullivan County Jail, and a twelve month sentence was imposed. Id.

Loyd has since filed four petitions for habeas corpus. Compl. at 12. The last petition specifically challenges the validity of his PRS and confinement. Id. It appears that outside of one petition being dismissed for procedural reasons, none of the others have reached a disposition as of the time of filing the instant complaint. Id. at 13-14. Loyd remains in Altona Correctional Facility for his PRS violation, with a release date of November 6, 2014 and a maximum expiration date for his PRS of July 30, 2016. Id. at 14. For a complete statement of plaintiff's claims, reference is made to the complaint.

### 1. Imposition of PRS and Subsequent Parole Warrants and Incarcerations

Loyd contends that the imposition of his PRS was unconstitutional for a variety of reasons. He alleges that PRS violates the Double Jeopardy Clause. He also contends that his PRS produced three unconstitutional parole warrants and further incarcerations.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Loyd's claims regarding the imposition of PRS and anything which stemmed from it represent challenges that fall squarely within the

4

ambit of Heck, as such supervision was a term included in Loyd's sentence.  Accordingly, were Loyd to succeed on any theory espoused above, he would necessarily call into question the validity of his sentence.  As such, all of these claims are barred because he has failed to show that the sentence has been overturned.  See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned).  Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Loyd's complaint lacks an arguable basis in law.

In light of Loyd's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal.  However, in this instance, Heck bars any claims unless or until the invalidation of Loyd's sentence.  This has yet to happen; therefore, amendment is futile and unnecessary.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

### 2. Parole Hearing

Loyd also contends that his parole hearing was conducted in his absence, which was unconstitutional.  The Supreme Court has held that

> while there is no constitutional or inherent right of a convicted
> person to be conditionally released before the expiration of a
> valid sentence, a state's authority scheme, if it uses mandatory
> language, creates a presumption that parole release will be

5

granted when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.

Robles v. Dennison, 745 F. Supp. 2d 244, 263 (W.D.N.Y. 2010) (citing Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979); Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987)).  The Second Circuit has determined that because New York's parole scheme delegates discretion to the Parole Board in granting an inmate parole, that scheme does not create a due process liberty interest in parole.  Barna v. Travis, 239 F.3d 169, 170–71 (2d Cir. 2001) (citing Greenholtz, 442 U.S. at 11–13)).  Because Loyd has no liberty interest in his parole, he cannot state a due process claim.  Accordingly, allowing amendment of this claim would also be futile. See Cuoco, 222 F.3d at 112.

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Loyd's motion to proceed In Forma Pauperis (Dkt. No. 5) is **GRANTED**;[1] and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Loyd's complaint be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and failure to state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

---

[1] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date: August 8, 2014
Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge