UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
DAVID LOYD,

                Plaintiff,          8:14-cv-829
                                                  (GLS/CFH)
        v.

ANDREW M. CUOMO et al.,

                Defendants.
_____
APPEARANCES:                         OF COUNSEL:

**FOR THE PLAINTIFF:**
David Loyd
Pro Se
15 Backman Avenue, Apt. 1B
Ellenville, NY 12428

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* David Loyd commenced this action against defendants Andrew M. Cuomo, George E. Pataki, Anthony J. Annucci, and Tina M. Stanford pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Loyd's complaint alleges that the imposition of post-release supervision (PRS) and the holding of his parole hearing in his absence violated his

rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  (*Id.* at 6-15.)  Loyd seeks declaratory and injunctive relief, as well as damages in the amount of $100,000,000.  (*Id.* at 16.)

In a Report-Recommendation and Order (R&R) dated August 8, 2014, Magistrate Judge Christian F. Hummel, upon an initial review of Loyd's complaint pursuant to 28 U.S.C. § 1915(e), recommended that Loyd's complaint be dismissed without leave to amend.  (Dkt. No. 7.) Pending are Loyd's objections to the R&R.  (Dkt. No. 8.)  For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**

In September 2004, pursuant to a plea, Loyd was sentenced to three years to life on one count of criminal sale of a controlled substance in the second degree, and seven years to life on another count of the same crime to run concurrently.  (Compl. at 6.)  Loyd's conviction was subsequently affirmed by the Appellate Division, Third Judicial Department.  (*Id.*) Sometime in 2005, drug reform laws were passed, and, in September 2008, Loyd was resentenced to two concurrent terms of seven years imprisonment, and five years of PRS.  (*Id.*; Dkt. No. 1, Attach. 1 at 32-33.) Accordingly, the New York State Department of Corrections and

2

Community Supervision calculated that May 31, 2011 was the new maximum expiration date of Loyd's sentence and indicated that Loyd was to serve a five-year period of PRS. (Compl. at 6; Dkt. No. 1, Attach. 1 at 34.)

On March 23, 2010, a parole hearing was conducted in Loyd's absence. (Compl. at 7.) At the hearing, Loyd "was subject to [five] years of PRS and PRS conditions and special conditions were imposed by the Parole Board Commissioners." (*Id.*) After the hearing, Loyd was sent a copy of the Parole Board Release Decision Notice, which failed to indicate any term of PRS. (*Id.*) Shortly thereafter, Loyd was released from prison. (*Id.*) The Certificate of Release indicated five years of PRS. (*Id.* at 7-8; Dkt. No. 1, Attach. 1 at 35.)

In August 2011, a parole warrant was issued, charging Loyd with various PRS violations. (Compl. at 10.) Subsequent to his guilty plea for supervised release violations, Loyd was sent to a drug treatment program. (*Id.* at 11.) Loyd was released on March 13, 2012 to serve the remainder of his PRS. (*Id.*) In November 2012, a second parole warrant was issued, and Loyd was taken into custody and released on March 8, 2013. (*Id.*) Finally, in November 2013, a third parole warrant was issued. (*Id.*) Loyd

was again found guilty of supervised release violations and a twelve-month sentence was imposed. (*Id.*) Loyd's new PRS maximum expiration date is July 30, 2016. (*Id.* at 14.)

Beginning in March 2014, Loyd filed four petitions for habeas corpus. (*Id.* at 11-13.) Loyd's complaint indicates that one such petition was dismissed, while the others remain pending. (*Id.* at 12-14.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

4

Loyd's complaint alleges that his constitutional rights were violated when a term of PRS was administratively imposed and his parole hearing was held in his absence. (*See generally* Compl.) In the R&R, Judge Hummel recommended dismissal of Loyd's claims arising from the imposition of his PRS, and the parole warrants and further incarcerations that stemmed from it, based on the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 7 at 4-5.) Further, Judge Hummel recommended that, because Loyd did not have a due process liberty interest in his parole, he cannot state a due process claim based on his absence from his parole hearing. (*Id.* at 5-6.) Loyd's objections to Judge Hummel's R&R are difficult to decipher and largely repeat the allegations contained in his complaint. (*See generally* Dkt. No. 8.) As far as the court can discern, Loyd's only specific objections to the R&R are that: 1) because he is seeking injunctive relief, *Heck* does not apply here; and 2) although he did not have a due process interest in parole, he "ha[d] a constitutional right to be present at a hearing when punishment[, in the from of PRS, was] being inflicted upon him." (*Id.* at 5-6.) As the court construes these as specific objections, *de novo* review is triggered as to these arguments. *See Almonte*, 2006 WL 149049, at *3, *5. The

remainder of Loyd's objections are general, and merit only clear error review. *Id.* at *4-5.

**A.** <u>**Imposition of PRS**</u>

In *Heck*, the Supreme Court held that a state prisoner's claim for damages under 42 U.S.C. § 1983 is precluded if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" absent proof that the inmate has already secured invalidation of that conviction or sentence. 512 U.S. at 487. Loyd argues that, as he is seeking injunctive and declaratory relief[1] in addition to compensatory and punitive damages, *Heck* does not apply to bar his complaint. (Dkt. No. 8 at 5.) However, the Supreme Court has explained that the *Heck* rule applies "no matter the relief sought (damages or equitable relief)." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see Caswell v. Green*, 424 F. App'x 44, 45 (2d Cir. 2011). "[T]he governing standard for application of [*Heck*] . . . is whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence." *Caswell*, 424 F. App'x at 45 (internal quotation marks and citation omitted). Here, Loyd's challenge

---

[1] Loyd seeks "an order declaring that [PRS] is [u]nconstitutional," as well as "an injunction . . . order[ing] the defendants to stop and eliminate PRS." (Compl. at 16.)

would necessarily call into question the validity of his sentence.  *See Price v. Goord*, No. 9:10-CV-00181, 2011 WL 1630727, at *5 (N.D.N.Y. Mar. 10, 2011) ("PRS is a part of a prisoner's sentence and [t]he fact that [the] term was added administratively, rather than judicially, does not render it a separate component from plaintiff's sentence and thus beyond the reach of *Heck*." (internal quotation marks and citation omitted)).  Thus, all of Loyd's claims relating to the imposition of his period of PRS are barred because he has failed to show that his sentence has been invalidated.

Judge Hummel also recommended that Loyd's claim arising out of his absence from his parole hearing be denied, because he does not have a due process interest in parole.  (Dkt. No. 7 at 6.)  In his objections, Loyd makes clear that he was not asserting a due process interest in parole, but, rather, a due process interest in his sentence.  (Dkt. No. 8 at 6.)  In other words, Loyd is arguing that his absence from a hearing when PRS was imposed violated his due process rights.  (*Id.*)  However, like all of Loyd's claims with respect to the imposition of his PRS, this due process claim is barred by *Heck*.  *See Price*, 2011 WL 1630727, at *5 (concluding that a plaintiff's 1983 cause of action for the violation of his due process rights by the administrative addition of PRS to his sentence accrues when the

7

sentence has been invalidated); *Albergottie v. New York City*, No. 08 Civ. 8331, 2011 WL 519296, at *1, *4 (S.D.N.Y. Feb. 15, 2011) (holding that a plaintiff's § 1983 claim "that the imposition of PRS by anyone other than a judge violates the Due Process Clause of the Fourteenth Amendment" accrues when the underlying sentence is invalidated or the plaintiff's petition for writ of habeas corpus is granted).

B.  **Remaining Findings**

As to the remaining portions of the R&R, the court has reviewed them for clear error and found none. Therefore, for the reasons articulated in the R&R, this court adopts Judge Hummel's recommendations, and dismisses Loyd's complaint.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Christian F. Hummel's August 8, 2014 Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Loyd's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 10, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court